ANTONIO RAMÍREZ-MUÑOZ, Appellant, *v.* REGISTRAR OF GUAYAMA, Respondent.

No. 622. Submitted November 2, 1925.—Decided November 13, 1925.

RECORD OF TITLE—MORTGAGE—SEGREGATION—LIBERATION FROM LIEN—CONSENT OF MORTGAGOR.—When a parcel of land is segregated from a larger mortgaged property and sold "without any reservation or limitation" the mortgagee may liberate the said parcel of land from the mortgage without the consent of the mortgagor.

Registry of Property of Guayama, Pérez Mercado, R. Decision denying record of deed of liberation from lien. *Reversed.*

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On August 21, 1918, the Ortiz-Guarch spouses sold to Antonio Ramírez 2.75 acres of land segregated from a larger property. In the deed it was stated that the larger property was encumbered by a mortgage for six thousand dollars created in favor of Carmen Joglar. The vendor acknowledged receipt of the purchase price of $550. The sale was made "without any reservation or limitation."

On July 29, 1925, Carmen Joglar executed a deed wherein she stated that she "liberates and consequently leaves free from the legal effects of the mortgage on the principal property the parcel of land of 2.75 acres, desiring and consenting that the said mortgage shall continue in force in its entirety with respect to the principal property." Vendee Ramírez was a party to the said deed, but vendors Ortiz-Guarch were not. It was further stated therein that the

sale of the 2.75 acres was made ''by the purchaser's paying its price in cash, without any obligation to pay any sum of money to the mortgagee, and the seller must pay in its entirety the amount of said mortgage and the interest thereon.''

Both deeds were presented in the registry of property and the registrar refused to record the liberation from the encumbrance because the owner of the main property had not participated and consented.

In support of his decision the registrar cites section 123 of the Mortgage Law as follows:

''If the mortgaged estate should be divided into two or more, the mortgage credit shall not be divided among them, unless the creditor and debtor shall voluntarily decide to do so. If such distribution should not be made, the creditor may bring an action for the full amount of the sum secured against any of the new estates into which the original estate may have been divided, or against all of them at the same time.''

He then argues in part as follows:

''There is no doubt that the power to cancel lies solely with the creditor. Nor is there any doubt in our mind as to the power of the creditor in a case like this to free from the encumbrance any part of the divided property. What we think the creditor can not do is to impose the whole credit upon one or various portions of the property and leave the others free without the consent of the owners of the portions that remain subject to the encumbrance. The solidary obligation established by law in his favor does not authorize him to extinguish and annul, without their consent, the special acts of the debtors among themselves arising out of such solidarity.''

This court is not of that opinion. It would have been clearer and more precise if what appears in the second deed had been stated in the first, or, as that was not done, if the vendor-mortgagor had been a party to the second deed and expressed his consent, but that was not indispensable. The statement in the first deed that the sale was made without any reservation or limitation for cash was all that was necessary. The vendor alone could not free from the mort-

gage the portion of land sold. That power rested entirely in the mortgagee.

A mortgage directly and immediately subjects the property on which it is imposed, whoever may be its possessor, to liability for the security for which it was created. It supposes a principal obligation which in this case was contracted entirely by the Ortiz-Guarch spouses. The debtor mortgaged his property as a security for his debt. The security benefited only the mortgagee. By waiving that benefit the mortgagee could consent at her pleasure to free not only a part but the whole property, and notwithstanding this, if the debt had not been paid, it would remain as a personal obligation of the mortgagor.

What the mortgagee did by canceling the lien was to diminish the security that had been given to her in case the debtor should fail to comply duly with his agreement to pay. The mortgagor's obligation remained entirely the same. Then, his consent was in no way necessary. The liberation could in no way prejudice him.

The decision appealed from should be reversed and the record ordered.

Mr. Justice Wolf took no part in the decision of this case.